IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

LEONARD QUINN,

      Plaintiff,

vs.                                                                                              No. 15-2296-JDT-dkv

RIDGEMONT SUPPORTIVE
LIVING ALLIANCE,

      Defendant.

---

REPORT AND RECOMMENDATION FOR SUA SPONTE DISMISSAL

---

On May 4, 2015, the plaintiff, Leonard Quinn ("Quinn"), who lists his address as Western Mental Health Institute, Bolivar, Tennessee, filed a *pro se* complaint on a court-supplied form for violation of civil rights under 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on May 6, 2015, the court granted leave to proceed *in forma pauperis*. (ECF No. 4.) Quinn named Ridgemont Supportive Living Alliance ("Ridgemont") as the defendant. This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that this case be dismissed for failure to state a claim.

I.    PROPOSED FINDINGS OF FACT

In his complaint, Quinn states:

While at Ridgemont Supportive Living Alliance, was a lot of females not getting alone [sic] the person I wrote a good essay on got sent out by Debra Dillion who couldn't touch any funds until I wrote Governor Bill Haslem [sic] He gave them 200 million to spend 26 million a year. I was physically abused mentally abused by Dr. Seay [.] The same Dr new [sic] I was on on 300 mg of Serequel only.

She pays licenses under the table every time it rains it start leaving by the stove caused went in the ceiling It's a whole [sic] in the roffing [sic], the place spider festerd [sic]. Every two day I would go outside the facility sweep down spider webs, spray for wasp, soap down the back porch, clean all 7 garbage cans with Pine Sol and bleach, then spray garbabe [sic] bags down with Raid to control flies, which techs their [sic] would state since Leonardo here we no longer have a Fly Problem. Side of house wasp live in coroted [sic] holes, I detailed staff cars and Debra Dillion and Gene Lawrence stated I could do that, but they bought car cleaning kit for van and bus. I followed everyone chore there and got verbal abused on my relious [sic] fast first day.

Once I got to generation Dr. Robbins of Western Mental Health State, I was a diabetic plus had me on a 400 mg lithium 3 times a day which wasn't needed, 400 mg Serequel 3 times a day which wasn't needed, then I was on high blood pressure medication that wasn't needed. Dr. Seay is the Dr. I recommened [sic] the Governor Bill Haslem [sic]. Ridgemont told me they would step down to the Sella House on Looney Str. I was violated of religious rights. Staff was loosing car keep cell phone and I would find them. It be in the same place where they slept at on night shift. Once I got here 8-27-14 I wrote 6 agency 2 times. Upon comming [sic] here, Vanessa finally got kicked out of Ridgemont Supporting Living. She aggrivatted [sic] assaulted severely technicians, nurses, and patients Debra Dillon who is no longer there would state he a permantly [sic] patient. They don't use the garbage disposal system. When licenser comes to expect [sic] the place, they help clients by using the worker's. Kid Group Home have more freedom than adults that doesn't have charges.

> Director Gene Larence [sic] loves working underpaying, Melva Hardaway take falls for Ridgemont but does all the work. My not way violated because I was put on proper medication. They didn't have a proper Grievance Procedure at Alliance until I got there, and they still don't have a box to drop the Grievance in.

(Compl., ECF No. 1, ¶ IV.)

In his statement for relief, Quinn asks for the following:

> I should be highly compensated. Demote Melva Hardaway for pergery [sic]. All the major violations they are hiding at 3390 Ridgemont such as spyder [sic] fested [sic] all in the ceiling using garbage disposable write up clients that does not do chores. Staff make false allegation and getting rid of good workers. Make it be known that on 300 mg Serequel is need for me, and that I am an independent person.

(*Id.*, ¶ V.)

## II. PROPOSED CONCLUSIONS OF LAW

A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues. This report and recommendation will constitute the court's screening.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action

    (i)    is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). "A complaint can be frivolous either factually or legally. Any

4

complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 Fed. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 Fed. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and

5

stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. Quinn's Claim Under 42 U.S.C. § 1983

Quinn brings this claim against Ridgemont Supportive Living Alliance under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law. . . .

42 U.S.C. § 1983. It provides a method of seeking redress of deprivation of federal constitutional rights and federal statutory rights. *Albright v. Oliver*, 510 U.S. 266 (1994) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) First,

6

that the defendant acted under color of state law, and (2) a deprivation of rights secured by the United States Constitution or federal statutory law. *Fritz v. Charter Twp. of Cornstock*, 592 F.3d 718, 722 (6th Cir. 2010); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1244 (6th Cir. 1989)(quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

1. The "Under Color of State Law" Requirement

"The traditional definition of acting under state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Yancey v. Carson*, No. 3:04-cv-556, 2007 U.S. Dist. LEXIS 7442, at *15 (E.D. Tenn. 2007)(quoting *West*, 487 U.S. at 49 (1988)(internal quotation marks omitted)). "The key determinant is whether the actor, at the time in question, proposes to act in an official capacity or to exercise official responsibilities pursuant to state law." *Martinez v. Colon*, 54 F.3d 980, 986 (1st Cir. 1995). In an action against a private party, § 1983 will apply only if an individual's seemingly private behavior may be fairly treated as that of the state itself. *Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 313 (2d Cir. 2007).

Quinn fails to allege anywhere in his complaint that Ridgemont acted under color of State Law. Based on the lack of any factual allegations in the complaint, the defendant named in the complaint,

7

Ridgemont, does not satisfy the under color of state law requirement. Nor does Quinn indicate that Ridgemont engaged in private behavior that could be construed as state action. Thus, Quinn has failed to plead the first element of a § 1983 claim.

   2.   Deprivation of a Constitutional Right

Section 1983 provides a remedy; it is not a source of substantive rights. *Johnson v. City of Detroit*, 446 F.3d 614, 618-22 (6th Cir. 2006). Therefore, a plaintiff must allege a specific rights violation found in federal law. *Id.* Here, the only allegation that Quinn makes about a violation of a constitutional right is that "I was violated of my religious rights," but the statement makes reference to his stay at Western Mental Health Institute not Ridgemont. There are no factual allegations about violation of a constitutional right by Ridgemont. Accordingly, Quinn has failed to plead the second element of a § 1983 claim.

                      III. RECOMMENDATION

   For the foregoing reasons, it is recommended that the complaint be dismissed *sua sponte* for failure to state a claim, pursuant to a pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), and judgment be entered for the defendant.

   Respectfully submitted this 18th day of May, 2015.

                          s/Diane K. Vescovo
                          DIANE K. VESCOVO
                          CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. FED. R. CIV. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.